**Aiqin LI, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

**No. 14–70761**

United States Court of Appeals, Ninth Circuit.

Submitted August 16, 2016 *

Filed August 24, 2016

Aiqin Li, Alhambra, CA, Pro Se.

Kristen Giuffreda Chapman, Trial Attorney, Russell John Verby, Trial Attorney, OIL, Washington, DC, Chief Counsel ICE, San Francisco, CA.

Before: O'SCANNLAIN, LEAVY, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Aiqin Li, a native and citizen of China, petitions pro se for review of the Board of

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010), and we deny the petition for review.

We do not consider the materials attached to and referenced in Li's opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963–64 (9th Cir. 1996) (en banc).

Substantial evidence supports the agency's adverse credibility determination based on Li's inconsistent testimony regarding who performed her baptism, and the lack of detailed testimony regarding her church attendance in the United States and the location of her detention in China. *See Shrestha*, 590 F.3d at 1048; *see Jin v. Holder*, 748 F.3d 959, 966 (9th Cir. 2014) (credibility finding reasonable in the totality of the circumstances, including lack of detail in testimony). Thus, in this case, Li's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003) (denying both asylum and withholding of removal where adverse credibility determination is supported).

Substantial evidence also supports the agency's denial of Li's CAT claim because it is based on the same testimony the agency found not credible, and Li does not point to any other evidence in the record that compels the conclusion that it is more likely than not she would be tortured by or

with the consent or acquiescence of a public official in China. *See id.* at 1156–57.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.